UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES W. ADAMS,

    Petitioner,

v.                                                 Case No. 15-C-70

UNITED STATES OF AMERICA,

    Respondent.

## SCREENING ORDER

Petitioner Charles Adams pled guilty to failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a), and on February 1, 2013, was sentenced to 120 months imprisonment. Adams appealed on the ground that the sentence imposed was substantively unreasonable. The Court of Appeals rejected his argument and affirmed his sentence in an unpublished order on July 15, 2014. On January 20, 2015, Adams filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, I must give the case prompt initial examination:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

Rule 4, Rules Governing § 2255 Proceedings.

During my initial review of habeas petitions, I look to see whether the petitioner has set forth

cognizable claims under § 2255. Petitioner asserts his trial counsel was ineffective for failing to conduct research and interview witnesses that might have been favorable to his case. He asserts this resulted in him being forced to plead guilty, against his wishes, and also resulted in a longer sentence because the sentencing court lacked favorable information about him. He fails to state what the research and interviews would have revealed, however, and likewise does not allege what the favorable information was that was not presented. Absent more, I cannot tell whether he should be allowed to proceed or not.

"Habeas corpus petitions must meet heightened pleading requirements .…" *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). Although *McFarland* dealt with a petition for relief under § 2254, the same is true of petitions seeking relief under § 2255. The petition must "specify all the grounds for relief available to the moving party," and "state the facts supporting each ground." 28 U.S.C. § 2255, Rule 2(b); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("The § 2254 Rules and the § 2255 Rules mandate "fact pleading" as opposed to "notice pleading," as authorized under Federal Rule of Civil Procedure 8(a)."). The reason for the heightened pleading requirement in habeas cases, as the Eleventh Circuit noted in *Borden*, is obvious:

> Unlike a plaintiff pleading a case under Rule 8(a), the habeas petitioner ordinarily possesses, or has access to, the evidence necessary to establish the facts supporting his collateral claim; he necessarily became aware of them during the course of the criminal prosecution or sometime afterwards. The evidence supporting a claim brought under the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), for example, may not be available until the prosecution has run its course. The evidence supporting an ineffective assistance of counsel claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition.

*Id.* at 810. Were the rule otherwise, federal habeas would be transformed into "a vehicle for a so-called fishing expedition via discovery, an effort to find evidence to support a claim." *Id.* at 810 n. 31. It follows that conclusory allegations of "ineffective assistance of counsel" and vague allegations of "favorable evidence" that was not presented at trial are insufficient. Moreover, having entered his guilty plea and testified under oath that he was doing so freely and voluntarily, Adams must allege more than that he was forced to enter his plea because of his attorney's failures. "Defendants cannot obtain relief by the expedient of contradicting statements freely made under oath, unless there is a compelling reason for the disparity." *Nunez v. United States*, 495 F.3d 544, 546 (7th Cir. 2007), vacated on other grounds, 554 U.S. 911 (2008).

Based on the foregoing, the petition is dismissed. The dismissal is without prejudice, however, and Adams will be granted leave to file an amended petition on or before March 15, 2015. In his amended petition, Adams must allege enough supporting facts to support each claim so that the Government has some notice of what the claim is and the court can determine whether it merits going forward. In other words, he should say what evidence his attorney failed to uncover and why he thinks she should have been able to discover and present it. He should also describe the favorable information that he claims his attorney failed to present at his sentencing. Finally, he must allege facts that support his claim that his plea was involuntary despite his sworn testimony that no one made any promises or threats to get him to plead guilty and that his attorney had answered all his questions. Failure to do so will result in dismissal of the action with prejudice.

SO ORDERED this 3rd day of February, 2015.

      /s William C. Griesbach
    William C. Griesbach, Chief Judge
    United States District Court