UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES ADAMS,

    Petitioner,

v.                                               Case No. 15-C-70

UNITED STATES OF AMERICA,

    Respondent.

**DECISION AND ORDER**

    Charles Adams brought this petition under 42 U.S.C. § 2255, asserting that his trial counsel was ineffective. After some false starts regarding his filings, I directed the United States to respond to the essence of the Petitioner's grievances. Based on the government's response, and my review of the Petitioner's own filings, I conclude the motion to vacate should be denied.

    Adams was convicted for failing to register in Wisconsin as a sex offender, pursuant to the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250. He received the statutory maximum sentence, which was affirmed on appeal. In this § 2255 action, he asserts that he did not know that federal law required him to register. But that is an argument that should have been made on appeal, not in a § 2255 motion. In any event, SORNA does not require knowledge of federal law, but merely knowledge that he must register. *United States v. Vasquez,* 611 F.3d 325, 328 (7th Cir. 2010).

    Much of Adams' claim that his attorney was ineffective is based on her alleged failure to investigate certain facts, such as his education and mental abilities. But again, those issues pertain

to his alleged lack of knowledge about federal registration requirements. The fact is that he knew about registration requirements, having complied with them in Indiana, and knew he had been working in Wisconsin for several weeks without registering. His attorney was not under any obligation to investigate any other facts.

Nor is it credible that his attorney's ineffective assistance "coerced" him into pleading guilty. The very matters he now raises were specifically addressed at his change of plea hearing. Adams stated that things were confusing at the time he failed to register because he wasn't certain who his employer precisely was, and hadn't expected to remain in the state for as long as he did. But, even so, he recognized that he needed to register. He stated that he was pleading guilty, at least in part, because he *was* guilty; he further admitted that although the reporting requirements were not crystal clear, at some point he knew he had spent enough time in Wisconsin that he needed to report. He failed to report once he was late because he was "too scared." (No 11-CR-27, ECF No. 57, Tr. at 17.) He and his attorney advised that these factors might provide some sort of mitigation at sentencing, but that they understood he was guilty of the underlying offense. In sum, Adams testified that he was guilty of the offense, and this court made a factual finding to that effect. His plea was knowing and voluntary, and as noted above, the same issues he now raises were discussed on the record.

Finally, Adams asserts that his counsel was ineffective at sentencing. This court imposed the maximum possible sentence, which was above the guideline range. In doing so, I noted that this was not a simple failure-to-report case but one in which the defendant had committed a sexual assault during the very period when he had failed to report. It is unclear what possible mitigating evidence counsel could have produced — and Adams does not explain, either — that would

2

overcome such a serious act. Counsel instead focused on a guideline enhancement, as well as the issues described above, namely, Adams' possible confusion over the reporting requirements. That was a reasonable strategy. The fact that it didn't work does not mean counsel was ineffective.

In sum, the record is clear that Adams pled guilty knowingly and voluntarily, and that his counsel's performance was not ineffective. An evidentiary hearing is therefore unnecessary. The motion to vacate is **DENIED**. Judgment will be entered accordingly. I further certify that reasonable jurists would not debate the outcome of these proceedings, and therefore **DENY** a certificate of appealability.

**SO ORDERED** this 22nd day of June, 2015.

       /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

3